UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    CRIM. NO. 11-48 (SRN/JSM)

    Plaintiff,

    v.                                   REPORT AND RECOMMENDATION

MARK ALLEN BUSSE,

    Defendant.

The above matter came on before the undersigned on Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 17]; Defendant's Motion to Suppress Eyewitness Identifications [Docket No. 18] and Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 19]. This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1.

Assistant United States Attorney Kimberly Hare, Esq. appeared on the Government's behalf. Assistant Federal Public Defender Andrea K. George, Esq. appeared on defendant's behalf. Defendant was personally present in the courtroom.

## I.   BACKGROUND

Defendant has been charged with fourteen counts of production of child pornography, to which he has pled not guilty. Indictment [Docket No. 1]; Arraignment Minutes [Docket No. 9].

The facts as contained in affidavit of Sergeant David Ossell in support of the search warrant at issue are as follows:

On September 25, 2009, St. Paul Police officers were sent to XXXX Arkwright St., Apt. XX, St. Paul, Minnesota on a child pornography complaint.  Gov't. Ex. 4, p. 2 (Application for Search Warrant and Supporting Affidavit, Search Warrant and Receipt, Inventory and Return).  Officer Kuchinka spoke to the landlord, who reported that the female renter in apartment XX, "T.B.," told the landlord that her boyfriend, defendant Mark Allen Busse, had child pornography on a computer.  Id.  T.B. and defendant had lived together in the apartment for three years.  Id.  T.B. said that three days earlier she found three video files containing child pornography on defendant's computer and described what she had observed on two of the three videos, including a young girl performing oral sex on a male.  T.B. also told Officer Kuchinka that there were additional computers in the garage assigned to their apartment.  Id.

While the officers were investigating the child pornography complaint, defendant arrived home and admitted to having thousands of child pornography images on computer hard drives in his apartment and garage, on compact discs and still photos.  Id., pp. 2-3.  Defendant signed a waiver and consent to search form at 7:30 p.m. that evening in which he consented to a search of the entire apartment and garage.  Gov't. Ex. 2.  Officer Kuchinka secured the apartment and St. Paul Police Sergeant David Ossell went to obtain a search warrant, which was signed by Ramsey County District Court Judge Paulette K. Flynn at 10:15 p.m.  Gov't. Ex. 4, p. 3.

The warrant sought among other items, computers, data, media, notes and other documentation that may reveal passwords, victims' names, web sites and ownership of the residence, digital camera equipment and videos.

Gov't. Ex. 4, p. 4.  Judge Flynn found probable cause existed for the issuance of the warrant and signed the warrant at 10:15 p.m. permitting search of the apartment and garage.  Id., pp. 3, 5.

Sergeant Ossell executed the warrant at 10:35 p.m. on September 25, 2009.  Id., p. 6.  Police seized a camera, mail in defendant's name, compact disks, floppy disks, hard drives, pornographic materials, a photo and computer equipment from the apartment, and computer equipment from the garage.  Id.

## II.    DISCUSSION

### A.    Motion to Suppress Physical Evidence

#### 1.    Nighttime Search not Expressly Authorized by Warrant

Defendant moved to suppress evidence obtained as a result of a search and seizure on the grounds that the search warrant was issued without a sufficient showing of probable cause in the supporting affidavit[1] and that, as a result, the search and seizure was conducted without warrant, without probable cause and was lacking in exigent circumstances.  Defendant's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure, p. 1 [Docket No. 17].  The Government opposed defendant's motion on the ground that it failed to articulate any specific challenge to the probable cause that existed for the search.  Government's Response to Defendant's Pretrial Motions, p. 5 [Docket No. 21].

When asked at the motions hearing by the Court for a more definite statement of her objection to the warrant, defendant's counsel indicated her desire for the Court to

---

[1]    Defendant's motion states that the warrant was "issued in error by the United States Magistrate Judge."  The warrant was issued by the Hon. Paulette K. Flynn, Judge of the Ramsey County District Court.

conduct a "four corners" analysis of the warrant and stated that the search and seizure was unconstitutional because the warrant did not explicitly authorize a nighttime search and the good faith exception did not excuse the nighttime search.  Defendant's counsel also stated that the Government's attorney had made the officer involved in the search available to her and she discussed the warrant with him.  On that basis, attorneys for defendant and the Government agreed that the sworn testimony of an officer at the hearing was unnecessary and the Court could rely on the additional facts presented at the motions hearing by the lawyers when analyzing the warrant.  The only additional facts on which this Court relied, which were not explicit in the warrant, were that Judge Flynn was verbally informed that defendant's residence was being held pending the outcome of the search warrant ( a fact that is also contained in the warrant (Gov't. Ex. 4, p. 3.)), the search was not intrusive, the officers spoke to defendant and he knew they were getting a search warrant, defendant was not awakened for the execution of the warrant, the officers did not bang on the door late at night, and defendant knew the search warrant was coming.

Federal Rule of Criminal Procedure 41(e)(2)(A)(ii) requires that a search warrant be executed during the day "unless the judge for good cause expressly authorizes execution at another time."  "Rule 41 and the Fourth Amendment are not co-extensive," and "noncompliance with [Rule 41] prerequisites does not automatically require the exclusion of evidence in a federal prosecution."  United States v. Schoenheit, 856 F.2d 74, 76-77 (8th Cir. 1988) (citation omitted); see also United States v. Berry, 113 F.3d 121, 123 (8th Cir. 1997) (If the requirements of Rule 41 are violated, suppression is not automatic.); United States v. Bieri, 21 F.3d 811, 816 (8th Cir. 1994) ("We apply the

exclusionary rule to violations of Rule 41 only if a defendant is prejudiced or reckless disregard of proper procedure is evident.").

The Eighth Circuit has adopted the factors described in <u>United States v. Burke</u>, 517 F.2d 377, 386-87 (2d Cir. 1975) to determine when a violation of Rule 41 requires suppression.  <u>United States v. Burgard</u>, 551 F.2d 190, 193 (8th Cir. 1977).  Under <u>Burke</u>, suppression "is not required absent a showing of (1) 'prejudice in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed' or (2) 'evidence of intentional or deliberate disregard of a provision of the rule.'"  <u>Id.</u> (quoting <u>United States v. Burke</u>, 517 F.2d at 386-87).

In <u>United States v. Shenett</u>, Crim. No. 05-431 (MJD/RLE), 2006 WL 839502 at *2 (D. Minn. March 28, 2006) the court denied defendant's motion to suppress evidence under circumstances similar to the this matter.  In <u>Shenett</u>, an FBI Special Agent and a Duluth police officer presented a search warrant at the home of a state district court judge at 10:30 p.m.  <u>Id.</u> at *1.  The judge called the agent's attention to the fact that the warrant did not authorize a nighttime search, although the police officer told the judge that a nighttime search was being requested.  <u>Id.</u>  The judge asked the police officer to write the request on the bottom of the warrant application, which he did.  However, that request was never memorialized in the warrant itself.  The court examined the totality of the circumstances in which the warrant was obtained, applied the <u>Burke</u> factors to determine if suppression was appropriate, and concluded that "the circumstances do not warrant suppression under Rule 41."  <u>Id.</u> at *4.

Applying the <u>Burke</u> factors to the instant warrant, this Court concludes that there is no basis for suppression of the evidence seized from defendant's apartment and

garage.  The search would have taken place regardless of the technical deficiency in the warrant.  Further, the search was not in the least "abrasive."  As counsel for the Government pointed out, this was not a "sudden" or "surprise" search in which defendant was roused from sleep.  Because police remained at his residence pending the execution of the warrant, there is no doubt that defendant knew of, and was prepared for the search.  Additionally, there is no evidence that Sergeant Ossell, an officer with twenty-two years of experience (Gov't Ex., p. 2), deliberately disregarded the requirements of Rule 41.  The totality of the circumstances indicate that Sergeant Ossell's failure to specify in his application that the warrant would be executed at night was nothing more than a technical error, which does not warrant suppression.  See United States v. Valentine, 984 F.2d 906, 909 (8th Cir. 1993) ("Mere technical errors in particularity are not enough to invalidate a search warrant.")(citing United States v. McCain, 677 F.2d 657, 660 (8th Cir. 1982)).

Finally, common sense dictates that when Judge Flynn was presented with the warrant application at 10:15 p.m., was told that the residence was being secured pending the outcome of the warrant, and when the warrant was executed twenty minutes after Judge Flynn signed it, Judge Flynn and the officers all understood that the warrant was for a nighttime search.  Under these circumstances, there is no basis for invalidating the warrant because it did not specifically state that it was for a nighttime search.

Alternatively, this Court finds that even if there had been a constitutional violation, the Leon good faith exception applied.  See United States v. Leon, 468 U.S. 897 (1984).  The Leon exception recognizes that "[w]hen a police officer acts in an

objectively reasonable manner in reliance on a subsequently invalidated search warrant, there is no rational reason for suppressing the fruits of the search." United States v. Martin, 833 F.2d 752, 755 (8th Cir. 1987) (citing Leon, 468 U.S. at 923). "Suppression…remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth * * * where the issuing magistrate wholly abandoned his [or her] judicial role * * * [where the affidavit in support of the warrant] is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable' * * * [or where] the warrant is so facially deficient- i.e. in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. Leon, 468 U.S. at 923 (internal quotations and citations omitted); see also United States v. Marion, 238 F.3d 965, 969 (8th Cir. 2001) (discussing the four circumstances in which the Leon good faith exception does not apply); United States v. Simpkins, 914 F.2d 1054, 1057(8th Cir. 1990) (same).

There is no evidence that any of the circumstances precluding the application of the Leon good faith exception are present in this case. Therefore, even if the warrant was technically defective in that it failed to explicitly endorse a nighttime search, the officers' reliance on the warrant was objectively reasonable in light of the totality of the circumstances, and this Court finds no basis to suppress the evidence seized.

## 2. Four Corners Analysis of Warrant

The Fourth Amendment requires that a search warrant be based on a determination of probable cause by a neutral magistrate. Warden v. Hayden, 387 U.S.

294, 301-02 (1967).  The requirement for probable cause is met when a reasonable person would find a fair probability of incriminating evidence on the premises.  Illinois v. Gates, 462 U.S. 213, 238 (1983).  Sergeant Ossell's affidavit described in detail some of the images T.B saw on defendant's computer.  Gov't. Ex. 4, p. 2.  These images included graphic video files that would support a conclusion that a reasonable person would find a fair probability that the computer, computer equipment such as harddrives and disks, and other electronic media would contain child pornography.  See United States v. Grant, 490 F.3d 627, 629 (8th Cir. 2007) (upholding search of home computer based on information from service technician that computer contained child pornography).  In addition, defendant told Sergeant Ossell that he had "thousands of child pornography images on computer hard drives in the apartment and garage, on compact disks and still photos" and he then consented in writing to the search of his apartment and garage.  Gov't. Ex. 2.  In light of these facts, it is clear that the warrant was supported by probable cause and the evidence obtained through the warrant should not be suppressed.

### B.    Motion to Suppress Eyewitness Identification

Defendant's counsel withdrew her motion to suppress eyewitness identifications [Docket No. 18] at the motions hearing, based on the Government's representation that there were no eyewitness identifications.

### C.    Motion to Suppress Statements

Defendant's counsel agreed at the motions hearing that the Court could find defendant's Motion to Suppress Statements [Docket No. 19] moot based on the Government's representation that the only statements at issue were those defendant

gave on September 25, 2009, September 26, 2009 and September 15, 2010, and defendant was not contesting those statements.[2]   Therefore, the Court recommends that the Defendant's motion to suppress statements be denied as moot based on the representations of the Government in its written response to defendant's pretrial motions [Docket No. 21], the Government's counsel's oral representations at the motions hearing, and the representations of defendant's counsel at the motions hearing.

## III.   RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein,

**IT IS RECOMMENDED THAT:**

1.      Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 17] be **DENIED.**

2.      Defendant's Motion to Suppress Statements [Docket No. 19] be **DENIED** as moot.

Additionally, Defendant's Motion to Suppress Eyewitness Identifications [Docket No. 18] is **WITHDRAWN.**


Dated: May 24, 2011                          *Janie S. Mayeron*
                                             JANIE S. MAYERON
                                             United States Magistrate Judge

---

[2]      Counsel indicated she could not withdraw the motion to suppress statements in case she learned of other statements made by defendant that had not yet been disclosed by the Government.

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **June 7, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **June 7, 2011.**